Davis, J.
It is the duty of a municipal corporation to keep its streets in repair and free from obstruction and nuisance. It is sufficient, however, if the streets are kept in reasonably safe condition for the ordinary modes of travel. It is impossible to so conceive a plan of construction, and to so carefully maintain it, that injuries may not happen on the streets to heedless persons; and therefore cities and villages are not held liable as insurers against accidents occurring upon their streets, and are held only to the exercise of reasonable caution and foresight in providing for the use of the streets in the ordinary modes, and with ordinary care, by the traveler.
The defect complained of in this case was a catch-basin for surface water, at the intersection of two streets. There is no evidence that it was imperfectly constructed or improperly placed, or that it had become defective and dangerous since its construction, It was located at a corner of the intersection so that it was out of the traveled path of pedestrians, and it was so constructed, with a projecting top stone, that persons driving upon the street, and exercising ordinary care would no‘t be liable to accident from it. It was similar to other catch-basins in the city f.nd was built after plans and specifications prepared in the city engineer’s office, and was inspected and accepted by that officer.
Rut it is the plaintiff’s allegation “that the manner in which said catch-basin was constructed, the &udden and unnecessary fall given to the ground around the said catch-basin, they permitting the mouth of the same to remain open and unprotected, and the fact that there was no light at or near the said crossing * * * made it dangerous and unsafe for persons to travel on said streets.” The mere *16 existence of tlie facts, that there was a sharp inclination of the ground to the catch-basin for the distance of ten feet, that the opening at the curb had neither screen nor .bars over it, and that the height of the curb from, the bottom of the gutter to the top of the catch-basin was sixteen inches, does not constitute negligence;. and there was no evidence to show that these were not-necessary conditions to the successful operation of the catch-basin. Indeed, there was some testimony directly to the contrary. Yet, however, these facts may be, appliances for drainage are necessary, and the manner in which drainage may be accomplished, if at all, is peculiarly within the discretion of the municipality, and it cannot be called to account by the courts respecting its errors of judgment in the plan of a public improvement. Wheeler v. Cincinnati, 19 Ohio St., 21, 22. But, according to many authorities, it would be held liable for negligence in carrying out the plan. At least, in Ohio, it cannot be doubted that if, after the construction of an improvement according to a plan and specifications adopted by the municipal authorities, notice should be brought home to the municipality that a street was not reasonably safe for use under ordinary circumstances, by reason of a faulty construction of the improvement, it would become a ministerial duty of the corporation to remove the defect, and a failure or refusal to do so after such notice, would make it liable to respond in damages for an injury resulting from the defect. City of Circleville v. Sohn, 59 Ohio St., 285. If it be conceded that such a defect existed here, there is an entire absence of proof that the corporation was aware of it.
Nor does it appear that the absence of a light at that point contributed in any degree to the plaintiff’s injury. If he had followed the ordinary traveled'way for pedestrians, he would not have come in contact with the catch-basin, which was situated between the street crossings at the southeast corner of the inter *17 section of Pierce and Hawker streets. Without any necessity therefor, so far as appears in the record, and solely for his own pleasure and convenience, he left the sidewalk at the northwest corner of the street intersection and went diagonally across Hawker street to the southeast corner, where, using the plaintiff’s own language, he “walked right into the basin.” It is very clear, however, that he did not walk into, nor fall into, the catch-basin; for owing to the form of its construction, that could not be. It was raining and freezing, and the street was slippery. He must have fallen and slipped into the basin. The only way in which he could have gotten his leg into the opening was by sliding. It does not appear that it was the absence of a light which caused him to fall and slide into the catch-basin; but it does appear that he was out of the ordinary traveled way for pedestrians, that there was no necessity for being out of the way, and that if he had kept on the sidewalk and crossings, he would have avoided the injury. He was not exercising ordinary care for his own safety, under the circumstances; and in departing from the usual and safe way which the municipality had provided for him, he assumed all of the risks which lay in the path which he chose for himself.
We, therefore, hold that the court of common pleas erred in refusing to instruct the jury as requested by the defendant, and erred also in overruling the motion of the defendant for a new trial. For these errors, the judgment of the common pleas court and the judgment of the circuit court in affirming the same, are reversed and the cause is remanded for a new trial.

Judgment reversed.